UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL HICKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civ. No. 24-3669 (UNA) |
| | ) |
| | ) |
| STATE OF MARYLAND, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1). The Court will grant the application and dismiss the complaint under 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1), as frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain

1

origins."). Consequently, a Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981). The instant complaint satisfies this standard.

From its rather philosophical beginning, *see* Compl. at 1-2 ("There is no correct time, there is no 60 seconds in a minute, nor 60 minutes in an hour . . . there is only day of day and night of night[.]"), the complaint rambles incoherently. There is mention of the "big bang" theory, *see id*. at 5-6, plaintiff's ethnicity, *see, e.g., id*. at 6, the spread of disease, *see id*. at 8, and the treasuries of a host of foreign countries, *see id*. at 10-12. It ends, however, with vague allegations of mail tampering, *see id*. at 15, for which plaintiff demands a reward of $1 billion, *see id.* at 16. So vague are the allegations and so outlandish is the demand that even this portion of the complaint fails to state a plausible claim.

Plaintiff's fanciful assertions are, indeed, frivolous, and the Court cannot exercise jurisdiction over a frivolous complaint. A separate order will issue.

DATE: August 1, 2025    /s/
TIMOTHY J. KELLY
United States District Judge